# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTINE AND ROBERT MILLER,**<br>**In their individual capacities and as**<br>**next friend of C.M., a Minor Child**<br><br>*Plaintiffs*,<br><br>**v.**<br><br>**VALOR TEXAS EDUCATION**<br>**FOUNDATION d/b/a VALOR EDUCATION**<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL NO.: 1:25-CV-01173** |

## DEFENDANT VALOR TEXAS EDUCATION FOUNDATION d/b/a VALOR EDUCATON'S 12(B)(1) MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW Defendant Valor Texas Education Foundation d/b/a Valor Education ("Valor"), seeking dismissal of Plaintiffs' federal claims under Rule 12(b)(1) because Plaintiffs' claims lack subject-matter jurisdiction.

Christopher H. Schulz
State Bar No. 24060576
Email: cschulz@slh-law.com

9011 Mountain Ridge Dr., Ste. 210
Austin, Texas 78759
Telephone:      512-840-0022
Facsimile:      210-538-5384

**ATTORNEYS FOR DEFENDANT**
**VALOR TEXAS EDUCATION**
**FOUNDATION d/b/a VALOR**
**EDUCATION**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ ii

INDEX OF AUTHORITIES ........................................................................................... iii

    **I.    STANDARD OF REVIEW** ................................................................1

    **A. Legal Standard Under Fed. R. Civ. P. 12(b)(1)** ..............................1

    **B. Legal Standard Under Fed. R. Civ. P. 12(b)(6)** ..............................1

    **II.    ARGUMENTS AND AUTHORITIES** ..................................................2

    **A. Failure to Provide a FAPE** ...........................................................2

        1. Nature of the Complaint ...........................................................4

        2. Gravamen of the Complaint is About Dissatisfaction with C.M.'s Education ..............6

        3. Plaintiffs Seek Educational Relief...........................................6

    **B. Plaintiffs Fail to Allege Intentional Discrimination** ........................7

    **C. Plaintiffs' Claim for Emotional Distress Damages Is Unavailable**..............9

    **D. The Parents Have Not Alleged They Have Suffered Discrimination** ........10

    **III.    REQUEST FOR RELIEF**....................................................................11

CERTIFICATE OF SERVICE .......................................................................................12

# INDEX OF AUTHORITIES

*A.N. v. Mart Indep. Sch. Dist.*
  W-13-CV-002, 2013 WL 11762157, at *3 (W.D. Tex. Dec. 23, 2013) ...................................3

*Angela B. v. Dallas Indep. Sch. Dist.*
  No. 3:20-CV-1088-D, 2020 WL 2101228, at *3 (N.D. Tex. May 1, 2020) .............................2

*Arce v. Louisiana*
  No. CV 16-14003, 2017 WL 5619376 (E.D. La. Nov. 21, 2017) ...........................................9

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ...............................................................................................................1

*Baker v. Putnal,*
  75 F.3d 190 (5th Cir. 1996) ...................................................................................................2

*Barnes v. Gorman*
  536 U.S. 181, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002) .........................................................9

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ...............................................................................................................1

*Blackmon v. Springfield R-XII Sch. Dist.*
  198 F.3d 648 (8th Cir. 1999) ................................................................................................3

*Brown v. McLane Children's Scott & White Hosp. & Clinic*
  No. W-19-CV-00045-ADA, 2019 WL 13253791 (W.D. Tex. May 8, 2019) .........................8

*Cadena v. El Paso Cnty.*
  946 F.3d 717, 723 (5th Cir. 2020) ........................................................................................8

*Cummings v. Premier Rehab Keller, P.L.L.C., U.S.,*
  142 S. Ct. 1562, 1574-76, 212 L. Ed. 2d 552 (2022) ............................................................9

*D.A. ex rel. Latasha A. v. Hou. Indep. Sch. Dist.*
629 F.3d 450 (5th Cir. 2010) .................................................................................................8

*D.E. v. Cent. Dauphin Sch. Dist.*
765 F.3d 260 (3d Cir. 2014) ..................................................................................................9

*Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trs.*
  855 F.3d 681 (5th Cir. 2017) ................................................................................................8

*Doe ex rel. Doe v. Dall. Indep Sch. Dist.*
  153 F.3d 211 (5th Cir. 1998) ................................................................................................9

*Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*
　　220 F.3d 380 (5th Cir. 2000) ...............................................................................................9

*Duvall v. Cnty. of Kitsap*
　　260 F.3d 1124, 1139 (9th Cir. 2001) ...................................................................................9

*Est. of Lance v. Lewisville Indep. Sch. Dist.*
　　743 F.3d 982 (5th Cir. 2014) ...............................................................................................9

*Frame v. City of Arlington*
　　657 F.3d 215 (5th Cir. 2011) ...............................................................................................3

*Fry v. Napoleon Community Schools*...............................................................................................3
　　580 U.S. 154 (2017).

*Huron v. Natalia Indep. Sch. Dist.*
　　No. SA-25-CV-00230-JKP, 2025 WL 2252606, at *4 (W.D. Tex. Aug. 6, 2025) ...................6

*Jones v. Katy Indep. Sch. Dist.*
　　No. 4:24-CV-1039, 2025 WL 816719 (S.D. Tex. Mar. 13, 2025) .........................................10

*La Union del Pueblo Entero v. Abbott*,
　　770 F. Supp. 3d 974 (W.D. Tex. 2025)...................................................................................3

*Labouliere v. Our Lady of Lake Found.*
　　No. CV 16-00785-JJB-EWD, 2017 WL 4365989 (M.D. La. Sept. 29, 2017)........................11

*Loeffler v. Staten Island Univ. Hosp.*
　　582 F.3d 268 (2d Cir. 2009)..................................................................................................9

*Luke v. Lee Cnty.*
　　No. 1:20-CV-00388-DII, 2023 WL 4980943 (W.D. Tex. Aug. 3, 2023)................................10

*Luna Perez v. Sturgis Pub. Sch.*
　　598 U.S. 142, 145-46 (2023) .................................................................................................3

*Marvin H. v. Aus. Indep. Sch. Dist.*
　　714 F.2d 1348 (5th Cir. 1983) ...............................................................................................8

*McCullum v. Orlando Regional Healthcare*
　　768 F.3d 1135 (11th Cir. 2014) ...........................................................................................11

*McMillen v. New Caney Indep. Sch. Dist.*
　　939 F.3d 640 (5th Cir. 2019), 140 S. Ct. 2803 (2020)............................................................2

*Melton v. Dall. Area Rapid Transit*
   391 F.3d 669 (5th Cir. 2004) ...............................................................................8

*Nevills v. Mart Indep., Sch Dist.*
   608 Fed. Appx. 217 (5th Cir. 2015)......................................................................3

*Pace v. Bogalusa City Sch. Bd.*
   403 F.3d 272 (5th Cir. 2005) .............................................................................10

*Popovich v. Cuyahoga Cnty. Ct. of Common Pleas, Domestic Relations Div.*
   150 F.App'x 424 (6th Cir. 2005) ........................................................................10

*Ramming v. U.S.*,
   281 F.3d 158 (5th Cir. 2001) ...............................................................................1

*Shah v. Univ. of Tex. Sw Med. Sch.*
   54 F. Supp. 3d 681 (N.D. Texas 2014) .................................................................1

*Smith v. Harris Cnty.*, *Tex*
956 F.3d 311 (5th Cir. 2020) ....................................................................................9

*T.B. by & through Bell v. Nw. Indep. Sch. Dist.*
   980 F.3d 1047 (5th Cir. 2020) .............................................................................2

*United States v. Nobel Learning Cmtys., Inc.*,
   No. CIV.A.09-1818, 2010 WL 1047730 (E.D. Pa. Mar. 19, 2010).......................10

*Williamson v. Tucker,*
   645 F.2d 404 (5th Cir. 1981) ...............................................................................1

*Zephyr Aviation, L.L.C. v. Dailey*
   247 F.3d 565 (5th Cir. 2001) ...............................................................................2

**TEXAS STATUTES**

TEX. EDUC. CODE § 89.1151(b) .................................................................................2

**FEDERAL STATUTES AND RULES**

FED. R. CIV. P. 12(b)(1) ...........................................................................................1

FED. R. CIV. P. 12(b)(6) ...........................................................................................1

20 U.S.C. § 1415(f)(1)(A)..........................................................................................2

20 U.S.C. § 1415(i)(2)(A)..........................................................................................2

20 U.S.C. § 1415(1) ..................................................................................................................3

28 C.F.R. § 35.130(g) ...............................................................................................................8

## I.    STANDARD OF REVIEW

### A.    Legal Standard Under Fed. R. Civ. P. 12(b)(1)

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."[1] If a court does not have subject matter jurisdiction over a claim, such claim must be dismissed.[2] In considering a Rule 12(b)(1) motion, the court can consider "matters of fact which may be in dispute," and should grant the motion "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[3]

Additionally, the district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a Rule 12(b)(1) motion that raises questions of fact concerning subject matter jurisdiction.[4] The burden of proving jurisdiction is always on the plaintiff.[5]

### B.    Legal Standard Under Fed. R. Civ. P. 12(b)(6)

The Federal Rules of Civil Procedure authorize a court to dismiss a lawsuit when the plaintiff fails to state a claim upon which relief may be granted.[6] In order to survive a Rule 12(b)(6) challenge, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] "Factual allegations must be enough to raise a right to relief above the speculative level."[8]

---

[1] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *See* Fed. R. Civ. P. 12(b)(1).

[3] *Id*.

[4] *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981) (citations omitted).

[5] *Ramming*, 281 F.3d at 161 (noting "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist"); *Shah v. Univ. of Tex. Sw Med. Sch.*, 54 F. Supp. 3d 681, 688 (N.D. Tex. 2014).

[6] *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[7] *See Twombly*, 550 U.S. at 547.

[8] *Id.* at 545.

In considering a Rule 12(b)(6) motion, the court is to take all necessary facts pled by the plaintiff as true, and to liberally construe the complaint in favor of the plaintiff.[9] However, no deference should be given to bare assertions that are not supported by factual allegations; conclusory allegations and legal conclusions that are couched as factual allegations are not entitled to an assumption of truth.[10] Upon identifying the well-pled factual allegations, the court must then determine "whether they plausibly give rise to an entitlement to relief."[11]

## II.   ARGUMENT AND AUTHORITIES

### A.   Plaintiff's Claim of Failure to Provide a FAPE Must Be Administratively Exhausted

Plaintiffs' complaint must be dismissed because Plaintiffs did not exhaust their administrative remedies for a claim that C.M. was ineligible for special education services or that C.M. was provided a free and appropriate public education ("FAPE").

The IDEA requires exhaustion of the administrative process before a suit may be filed over the denial of FAPE; failure to exhaust is fatal to an IDEA claim.[12] In Texas, a party alleging a violation of the IDEA exhausts administrative remedies by pursuing a due process hearing administered by the Texas Education Agency to completion.[13] A party "aggrieved by the findings" of the hearing officer may then bring an action in state or federal court "with respect to the

---

[9] *See Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996

[10] *See Iqbal*, 556 U.S. at 678–79.

[11] *Id.* at 664.

[12] *T.B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 n.2 (5th Cir. 2020); *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 642–43 (5th Cir. 2019, cert. denied, 140 S. Ct. 2803, 207 L. Ed. 2d 141 (2020).

[13] 20 U.S.C. § 1415(f)(1)(A); 19 Tex. Admin. Code § 89.1151(b) (implementing one-tier review system under IDEA).

complaint presented pursuant to this section[.]"[14] Section 1415(i)(2)(A) thus limits a party's right of action under the IDEA to issues presented at the due process hearing.[15]

The issue of whether C.M. is required to exhaust administrative remedies implicates several distinct, but related, statutes: the IDEA, which provides states with federal funds in exchange for providing a FAPE to all students with recognized disabilities, Section 504 of the Rehabilitation Act, which protects rights of all individuals with disabilities and bans discrimination by public entities, including schools, and the Americans with Disabilities Act.[16] Because the IDEA and Section 504 both provide overlapping substantive rights and remedies to students with disabilities, the IDEA requires a student-plaintiff with recognized disabilities who seeks judicial remedy against a school district under a federal law other than the IDEA to exhaust the IDEA's administrative procedures prior to filing suit when the requested relief is also available under the IDEA.[17]

Accordingly, when a student with disabilities seeks remedy in a federal court under Section 504, or any other federal law, courts must discern whether the cause of action and facts supporting it rests on the denial of a FAPE (an IDEA claim) to determine whether administrative exhaustion under the IDEA is required as a prerequisite to the federal suit.[18]. To make this determination, the Court must focus on the true substance, that is, the gravamen of the complaint, to examine the

---

[14] 20 U.S.C. § 1415(i)(2)(A).

[15] *See Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist.*, 198 F.3d 648, 655-56 (8th Cir. 1999); *Angela B. v. Dallas Indep. Sch. Dist.*, No. 3:20-CV-0188-D, 2020 WL 2101228, at *3 (N.D. Tex. May 1, 2020; *A.N. v. Mart Indep. Sch. Dist.*, W-13-CV-002, 2013 WL 11762157, at *3 (W.D. Tex. Dec. 23, 2013) *aff'd sub nom; Nevills v. Mart Indep., Sch Dist.*, 608 Fed. Appx. 217 (5th Cir. 2015).

[16] *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011); see *La Union del Pueblo Entero v. Abbott*, 770 F. Supp. 3d 974, 991 (W.D. Tex. 2025).

[17] 20 U.S.C. § 1415(l); *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 145-46 (2023); *Fry v. Napoleon Community Schools*, 580 U.S. 154, 161-168 (2017).

[18] *Luna Perez*, 598 U.S. at 145-46; *Fry*, 580 U.S. at 161-168

3

substance of the matters in dispute and relief sought, rather than the surface of the allegations.[19]

To determine whether the gravamen of a complaint seeks relief available to a plaintiff under the

IDEA, the court should consider two hypothetical questions: (1) "could the plaintiff have brought

essentially the same claim if the alleged conduct had occurred at a public facility that was not a

school;" and (2) "could an adult at the school have pressed essentially the same grievance?"[20] If

both questions are answered affirmatively, the gravamen of the complaint is likely not seeking

relief available under the IDEA.[21] However, negative answers to these questions indicates the true

substance of the student-plaintiff's allegations concerns denial of a FAPE for which the student-

plaintiff is required to exhaust all administrative remedies under the IDEA.[22]

Still, even after a court determines the gravamen of the asserted cause of action is based on

the denial of a FAPE, the court must continue its inquiry to determine whether the remedy sought

is also available under the IDEA.[23] If the remedy sought is not available under the IDEA,

exhaustion of the administrative proceeding is not required to proceed in federal court.[24] If the

remedy sought in federal court is available under the IDEA, then exhaustion of IDEA

administrative proceeding is required.[25]

### 1. Nature of the Complaint

Plaintiffs allege that C.M. enrolled at Valor as an 11-year-old fifth grade student. Doc. 2, p. 3.

During the first semester C.M.'s teachers reported difficulty with reading comprehension,

---

[19] *Id.*
[20] *Fry*, 580 U.S. at 171-72; *T.B. by & through Bell v. NW. Indep. Sch. Dist.*, 980 F.3d 1047, 1052 (5th Cir. 2020).
[21] *Fry*, 580 U.S. at 171-72; *T.B.*, 980 F.3d at 1052.
[22] *Id.*
[23] *Luna Perez*, 598 U.S. at 146-50.
[24] *Id.*
[25] *Id.*

organization, understanding directions, completing work, and completing written assignments. Doc. 2, p. 3. Valor referred C.M. for a special education evaluation (the "evaluation"). Doc. 2, p. 3.

The evaluation determined C.M. had a diagnosis of a specific learning disability in reading comprehension. Doc. 2, p. 4. The evaluation contained several recommendations for accommodations in the classroom. Doc. 2, p. 4. During a meeting to review the evaluation it was determined C.M. was not eligible for special education under the Individuals with Disabilities Education Act ("IDEA"). Doc. 2, p. 4. However, the school determined C.M. was eligible for Section 504. Doc. 2, p. 4.

The Section 504 committee developed a set of accommodations to assist C.M. during the school day, including shortened homework, extended time to complete assignments, and activities intended to increase C.M.'s rate of comprehension. Doc. 2, p. 5. This Section 504 plan was in effect during the remainder of the 2022-23 school year, and the first semester of the 2023-24 school year. Doc. 2, p. 5.

C.M. continued to struggle with academics and behavior. Doc. 2, p. 5. Furthermore, Valor was not implementing C.M.'s Section 504 plan. Doc. 2, p. 5. C.M.'s parents communicated their concerns to Valor staff. Doc. 2, p. 5-6. Valor took no steps to remedy the parent's concerns, other than to schedule another Section 504 meeting. Doc. 2, p. 6. C.M. continued to struggle and his negative behaviors increased. Doc. 2, p. 7. Valor removed C.M. from class at least thirty-five separate occasions. Doc. 2, p. 7. C.M.'s disciplinary record includes multiple detentions and suspensions, and C.M. failed most of his courses. Doc. 2, p. 7-8.

Plaintiffs raise allegations under Section 504 and the ADA. Doc. 2, p. 8. Plaintiffs allege Valor failed to ensure C.M. had shortened assignments, extended time to complete work, preferential

seating, access to charts for math, and access to audio books. Doc. 2, p. 10. Plaintiffs further allege Valor failed to create activities and modifications intended to increase C.M.'s rate of reading comprehension, punished C.M. for behaviors tied to his disability, and failed to provide an appropriate educational program. Doc. 2., p. 10-11.

Plaintiffs seek damages in the form of "supplemental tutoring, academic interventions, counseling, and educational assessments, all aimed at addressing gaps in learning or mitigating the emotional harm from prior exclusion." Doc. 2, p. 12.

### 2.    Gravamen of the Complaint is About Dissatisfaction with C.M.'s Education

C.M.'s complaint arises from his parents' dissatisfaction with the educational services Valor provided. Following the test outlined in *Fry*, the answer to the first question is negative: C.M. could not pursue these claims for dissatisfaction with his educational services if the conduct had occurred in a public facility that was not a school. The answer to the second is also negative: any adult at the school could not raise the same type of grievance because only students may receive educational accommodations in C.M.'s Section 504 plan.[26] Negative answers to both questions indicates C.M.'s Complaint concerns denial of a FAPE for which he is required to exhaust all administrative remedies under the IDEA.[27] For these reasons, the gravamen of the Complaint is based on the denial of a FAPE.

---

[26] *Huron v. Natalia Indep. Sch. Dist.*, No. SA-25-CV-00230-JKP, 2025 WL 2252606, at *4 (W.D. Tex. Aug. 6, 2025).
[27] *Fry*, 580 U.S. at 171-72

### 3.    Plaintiffs Seek Educational Relief

Next the court must still determine whether the remedies C.M. seeks for the alleged violations of Section 504 are also available under the IDEA. If not, exhaustion of the pending administrative proceeding is not required for him to proceed in federal court.[28]

C.M. seeks supplemental tutoring, academic interventions, counseling, and educational assessments. All of these requests for educational services are available under the IDEA, and C.M. has not sought these remedies in an IDEA proceeding. Although C.M.'s complaint notes in the "Prayer" that he is seeking "compensatory damages," he also notes the economic damages are based on a request that the court reimburse the parents for academic services and order specialized academic supports. Because the requested relief C.M. seeks in this action is available under the IDEA, C.M. must exhaust his administrative remedies under the IDEA prior to seeking relief in court.[29]

### B.    Plaintiffs Fail to Allege Intentional Discrimination

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance," 29 U.S.C. § 794(a). Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity,

---

[28] *Luna Perez*, 598 U.S. at 146-50.
[29] *Id.*

or be subjected to discrimination by any such entity.: 42 U.S.C. § 12132 . Precedents concerning either § 504 of the Rehabilitation Act or the ADA generally apply to both.[30]

To state a claim for discrimination under § 504 or the ADA, a parent bringing suit on behalf of her child must plausibly allege "(1) that he is a qualified individual; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability."[31] In the educational context, "[a] cause of action is stated under § 504 [and the ADA] when it is alleged that a school district has refused to provide reasonable accommodations for the handicapped [student] to receive the full benefits of the school program."[32] For a failure to accommodate claim, a plaintiff must show that the school district "knew of the disability and its consequential limitations."[33] Furthermore, to recover compensatory damages under either section, a plaintiff must prove that the discrimination was intentional. *Id.*

In this situation Plaintiffs' complaint does not plausibly allege that Valor intentionally discriminated against C.M. because it lacks sufficient facts to create the reasonable inference that Valor acted intentionally in discriminating against C.M. "[T]he deliberate indifference standard is

---

[30] *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trs.*, 855 F.3d 681, 690 (5th Cir. 2017).

[31] *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)).

[32] *D.A. ex rel. Latasha A. v. Hou. Indep. Sch. Dist.*, 629 F.3d 450, 454 (5th Cir. 2010) (emphasis in original) (quoting *Marvin H. v. Aus. Indep. Sch. Dist.*, 714 F.2d 1348, 1356 (5th Cir. 1983)).

[33] *Cadena*, 946 F.3d at 724.

a high one."[34] Deliberate indifference occurs when the response to an incident or a risk of harm is clearly unreasonable in light of the known circumstances.[35]

Plaintiffs allege that the Section 504 plan was "inadequate and insufficient." Doc. 2, p. 7-8. They further allege that C.M.'s grades reflect an "abysmal failure of Valor staff to devise an effective Section 504 plan." Doc. 2, p. 8. The allegations also note that there was "little evidence the [Section 504] plan was effective." Doc. 2, p. 7. However, these allegations reflect a Section 504 plan that was put together but was inadequate to meet the student's needs. This does not reflect intentional discrimination "by reason of" his disability.[36]

**C.      Plaintiffs' Claim for Emotional Distress Damages Is Unavailable**

Valor contends that Plaintiffs' claim for emotional distress damages should be dismissed. Plaintiffs' complaint notes that the compensatory damages sought are rooted in the "emotional distress and mental anguish suffered by C.M. in the past and in reasonable probability he will suffer in the future." Doc. 2, p. 12. The U.S. Supreme Court has recently clarified that emotional distress damages are not recoverable in Section 504 claims.[37] Plaintiffs' claim for compensatory damages under Section 504 must be dismissed.

---

[34] *Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000) (quoting *Doe ex rel. Doe v. Dall. Indep Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998)).

[35] *Id.*; see also *Est. of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 996 (5th Cir. 2014) (applying the deliberate indifference standard in a § 504 disability harassment claim and requiring a showing that the defendant knew about the harassment); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (explaining that deliberate indifference requires a greater showing than negligence).

[36] See *Melton*, 391 F.3d at 671-72; see also *Smith v. Harris Cnty.*, *Tex.* 956 F.3d 311, 317 (5th Cir. 2020); *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014) (explaining that the deliberate indifference standard requires more than bureaucratic inaction); *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 276 (2d Cir. 2009) (stating the same).

[37] *Cummings v. Premier Rehab Keller, P.L.L.C., U.S.*, 142 S. Ct. 1562, 1574-76, 212 L. Ed. 2d 552 (2022); *Barnes v. Gorman*, 536 U.S. 181, 185-86, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002).

9

The Western District of Texas has found that emotional distress damages under the ADA must also be dismissed.[38] Specifically, "because the rights and remedies under [the Rehabilitation Act and the ADA] are the same, case law interpreting one statute can be applied to the other."[39]

### D.    The Parents Have Not Alleged They Have Suffered Discrimination

Plaintiffs claim compensatory damages in the form of lost wages. The ADA and the Rehabilitation Act also prohibit public entities from discriminating against an individual based on his or her association with a disabled person.[40] An associational discrimination claim "requires a separate and distinct denial of a benefit or service to a non-disabled person" and "may not be premised on a derivative benefit or harm based on treatment towards a disabled person."[41]

Here, Plaintiffs claim compensatory relief for lost work time. However, Section 504 only permits suits by nondisabled plaintiffs only when they have themselves suffered exclusion, denial of benefits, or discrimination because of their association with a disabled person.[42] Plaintiffs have not pled any denial of a benefit or service that the parents themselves suffered.

In *Brown,* the Western District of Texas dismissed an individual's claim for lost wages because of a lack of associational standing. The parents in this case do not allege that they are disabled, or that they suffered exclusion, denial of benefits, or discrimination because of their

---

[38] *Luke v. Lee Cnty.*, No. 1:20-CV-00388-DII, 2023 WL 4980943, at *9 (W.D. Tex. Aug. 3, 2023), report and recommendation adopted, No. 1:20-CV-388-RP, 2023 WL 6141594 (W.D. Tex. Sept. 20, 2023).

[39] *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287 (5th Cir. 2005); *Jones v. Katy Indep. Sch. Dist.*, No. 4:24-CV-1039, 2025 WL 816719, at *5 (S.D. Tex. Mar. 13, 2025).

[40] 28 C.F.R. § 35.130(g) (ADA); *Popovich v. Cuyahoga Cnty. Ct. of Common Pleas, Domestic Relations Div.,* 150 F.App'x 424, 427-28 (6th Cir. 2005) (Rehabilitation Act).

[41] *United States v. Nobel Learning Cmtys., Inc.,* No. CIV.A.09-1818, 2010 WL 1047730 (E.D. Pa. Mar. 19, 2010), as amended (Mar. 24, 2010).

[42] *Brown v. McLane Children's Scott & White Hosp. & Clinic*, No. W-19-CV-00045-ADA, 2019 WL 13253791, at *5 (W.D. Tex. May 8, 2019).

association with their child.[43] **"**As we have explained, the statutory context of the RA indicates that a party is "aggrieved" within the meaning of § 794a(a)(2) only if she is personally excluded, denied benefits, or discriminated against because of her association with a disabled person."[44]

The "person aggrieved" must themselves be excluded, denied benefits, or subject to discrimination. The parents have failed to sufficiently plead exclusion, benefit denial, or discrimination because of their association with their child and their claim for compensatory damages must be dismissed.

## III.    REQUEST FOR RELIEF

For the foregoing reasons, Defendant Valor Education respectfully requests that the Court grant Defendant's Motion to Dismiss, and dismiss Plaintiffs' claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794A with prejudice for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).

Respectfully submitted,

**SCHULMAN, LOPEZ,
HOFFER & ADELSTEIN, LLP**

*/s/ Christopher Schulz*
**Christopher Schulz**
State Bar No. 24060576
Email: cschulz@slh-law.com
9011 Mountain Ridge Drive #210
Austin, Texas 78759
Telephone:    (512) 840-0022 [Austin]
Facsimile:    210-538-5384

**ATTORNEY FOR DEFENDANT**

---

[43] *Labouliere v. Our Lady of Lake Found.*, No. CV 16-00785-JJB-EWD, 2017 WL 4365989, at *6 (M.D. La. Sept. 29, 2017)
[44] *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1144 (11th Cir. 2014)

11

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2025, the foregoing was electronically submitted

for filing with the Clerk for the U. S. District Court, Western District of Texas, using the electronic

case filing system of the Court. Counsel for Plaintiff is registered and will receive notification of

electronic filing via the Court's CM/ECF system as follows:

Kelly R. Evans
kelly@krevanslaw.com
LAW OFFICE OF K. RANDOLPH EVANS
PO Box 142534
Austin, Texas 78714-2534
**Attorney for Plaintiffs**


/s/ Christopher Schulz
Attorney for Defendant

12