UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTINE AND ROBERT MILLER,**<br>**In their individual capacities and as**<br>**next friends of C. M., a Minor Child,** | § <br> § <br> § <br> § | |
| *Plaintiffs*, | § <br> § | |
| **V.** | § <br> § | **CIVIL NO. 1:25-CV-01173-DAE** |
| | § <br> § | |
| **VALOR TEXAS EDUCATION**<br>**FOUNDATION d/b/a VALOR EDUCATION** | § <br> § <br> § | |
| *Defendant* | § <br> § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S 12(b)(1) MOTION TO DISMISS

**COMES NOW** Plaintiffs, **CHRISTINE AND ROBERT MILLER**, individually, and as next friends of their minor, disabled child, **C. M**., who file this response to Defendant Valor Texas Education Foundation's Motion to Dismiss pursuant to Rule 12(b)(1), FED. RULES OF CIVIL PROCEDURE. Plaintiff will show that Defendant's motion is baseless and without merit, misconstrues the basis of Plaintiffs', and therefore should be denied.   Defendant further ignores settled federal law as applied by both the United States Supreme Court and the Fifth Circuit Court of Appeals for the prosecution of claims filed on behalf of a child with a disability under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). Plaintiffs, therefore, urge the Court to deny said motion in its entirety. To avoid and to prevent any misunderstanding about the nature of Plaintiffs underlying claims and the scope of the remedies that Plaintiffs seek, Plaintiffs will file an Amended Complaint as authorized under Rule CV-15 of the Court's Local Rules.   In support thereof, Plaintiffs will respectfully show:

## I.

## INTRODUCTION

1.      At all times relevant to this lawsuit, C. M. was a minor child with a clinically diagnosed learning disability in reading comprehension and attention deficits.   From August 2021 through June 2024, C. M. attended Valor Education public charter school owned and operated by Defendant, Valor Texas Education Foundation ("Valor" or "Valor Charter School")..

2.      As a Texas open-enrollment public charter school, Valor must comply with all federal laws and regulations promulgated by the U. S. Congress and passed into law to protect any child or student with a disability from discrimination. Upon the trial of this case, Plaintiffs will prove that C. M., as a student with identified and undisputed disabilities, was refused, denied and excluded from participation in and denied the benefits of the services, protections, activities, and education programs provided by Valor. Therefore, plaintiffs seek redress and remedies under *Title II of the Americans with Disabilities Act*, 42 U.S.C. § 12101 et seq. (the "ADA") and *Section 504 of the Rehabilitation Act of 1973*, 29 U.S.C. § 794A ("Section 504").

3.      On September 10, 2025, Defendant filed the instant motion to dismiss.   While the caption of the motion asserts dismissal only under Rule 12(b)(1) of the Federal Rules, Defendant also cites 12(b)(6) as another basis for dismissal.   Plaintiff's response, therefore, addresses both.

## III.

## ARGUMENT AND AUTHORITIES

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER THE IDEA IS NOT APPLICABLE TO PLAINTIFF'S CLAIMS

Defendant first asks the Court to dismiss Plaintiff's ADA and Section 504 did not exhaust administrative remedies available under the Individuals with Disabilities Education Act ("IDEA"). Defendant's argument is baseless and without merit.

Defendant rests virtually the entire exhaustion theory on its contention that the "gravamen" of Plaintiffs' Complaint is based upon the denial of special education services that are available under the IDEA.   Apparently Defendant has misconstrued the nature and substance of C. M.'s ADA and Section 504 claims.   Defendant is simply wrong on both the facts and the law.

It is now settled law in the Fifth Circuit, that IDEA's only remedy for its violation is compensatory education, not compensatory money damages.   Since money damages is not a remedy that is available under the IDEA, a child or student with a disability who seeks compensatory damages under the ADA is not required to exhaust administrative remedies under the IDEA.   *Lartigue v. Northside Independent School District*, 100 F.4 510 (5th Cir. 2024). A case not cited once by Defendant in its motion or supporting brief.   The silence is deafening.

The holding by the Fifth Circuit in *Lartigue* is compelling and controlling on the facts presented in this case.   In *Lartigue*, the child, Kaylee Lartigue, was a student with a hearing impairment.   Unlike C. M., Kaylee was actually eligible and received special education and related services. C. M. has never received special education services at any time during his entire public education.   Lartigue alleged that Northside failed to properly accommodate her hearing impairment. She therefore sued for compensatory money damages.   Reasoning that compensatory damages are not available under the IDEA, the Fifth Circuit rejected the very same exhaustion argument now presented by Valor and explicitly held that exhaustion under the IDEA is not a prerequisite to adjudicate a claim for compensatory damages under the ADA. "This Court has recognized viable, standalone ADA claims notwithstanding the presence of a FAPE.   This is because compliance with the IDEA is distinct from discriminatory behavior under the ADA".   *Lartigue* at p. 523

Contrary to Defendant's false and baseless assertion, Plaintiffs' Complaint does not, at any point in the pleading, allege any violation of any right that may be available under the IDEA.   Accept for only one slight reference, the Complaint does not mention the Individuals with Disabilities Education Act or the IDEA at all.   The facts laid out in the Complaint allege nothing about the IDEA, the denial of FAPE under the IDEA, or to any duty owed to C. M. under the IDEA. Plaintiffs seek no remedies whatsoever from Valor that are available under the IDEA. This includes any compensatory educational services.

This is a lawsuit alleging discrimination under the ADA, not a violation of the right to a free appropriate public education under the IDEA.   The ADA is a federal anti-discrimination statute passed by Congress to prevent discrimination on the basis of disability.   Plaintiffs allege and will prove that

C. M., as a student with a disability, was a victim of wrongful and invidious intentional discrimination by employees of Defendant who failed and refused to deliver all of the accommodations to which he had a right. C. M. was, therefore, denied an equal opportunity to participate in, and to enjoy the full benefits of, educational programming provided by Defendant to similarly situated students.   C. M. was forced to suffer the effects of Defendant's discrimination and Plaintiffs' now seek compensatory damages for C. M. to compensate him for all the trauma and injuries he suffered.

Defendant creates a straw man, then strains to tear it down. Defendant says that C. M. must exhaust an administrative remedy "for a claim that C. M. was ineligible for special education services . . .  failure to exhaust is fatal to an IDEA claim".   The Complaint makes no such claim under the IDEA at all.   What IDEA claim is Defendant referring to?   The Complaint does not allude to IDEA eligibility, or to the denial of a Free Appropriate Public Education ("FAPE").

Defendant, either negligently or deliberately, falsely asserts the Plaintiffs seek damages in the form of "supplemental tutoring, academic interventions, counseling, and educational assessments, all aimed at addressing gaps in learning or mitigating the emotional harm from prior exclusion." This assertion is categorically false and a presumed misreading of the Complaint.   Plaintiffs do not plead, nor do they seek any of the compensatory educational services alleged by Defendant. The language referenced by Defendant was in support of the parents' claim for economic damages to compensate them for their out-of-pocket costs and expenses suffered and incurred by them AFTER having to remove C. M. from Valor as a direct and proximate result of the discrimination that he suffered and the violations of the ADA in not providing appropriate accommodations.

In summary, a claim under the IDEA turns on whether or not the school district provided a free appropriate public education reasonably calculated to allow the disabled student to make reasonable educational progress.   But C. M.'s ADA claim turns on whether Valor discriminated against him on account of his disability by denying him the accommodations that were needed to ensure that discrimination did not occur.   A special education hearing officer has no authority whatsoever to adjudicate disability claims for money damages under the ADA.   Defendant's contention to the contrary is wholly without merit.   This was exactly reasoning under scored by the Fifth Circuit in

*Lartigue*.   Plaintiff, therefore, urges the Court to follow the holding and the precedent set by the Fifth Circuit in *Lartigue*, and deny Defendant's motion in its entirety.

### B. C. M. HAS NO RIGHT TO DEMAND COMPENSATORY EDUCATION SERVICES FROM DEFENDANT

In a separate twist on the exhaustion argument, Defendant also asserts that exhaustion is required because Plaintiffs claim is really a complaint about the failure of Defendant to provide a free appropriate public education that is available under the IDEA.   Therefore, Plaintiffs can obtain compensatory educational services like tutoring and counseling from Defendant for this failure under the IDEA.   Defendant's contention is wholly without merit.

Special education services under the IDEA are only available to students who are currently enrolled at the charter school.   Valor has no duty under Texas law to provide special education services to a student not enrolled in or the responsibility of the charter school.   The Defendant ignores the fact that C. M. is no longer enrolled as a student at Valor.   C. M.'s parents withdrew C. M. as a student at Valor after being informed by Valor administration that C. M. would have to repeat 7th grade.   During the entire 2024-2025 school year, C. M. was enrolled as a student in the Austin Independent School District. C. M. left Valor over a year ago.

A school district in Texas does not have a duty to provide special education services to a student who is no longer enrolled in the district. Section 25.001 of the Texas Education Code requires school districts and open-enrollment charter schools to admit students who meet the requirements for enrollment, and it is only upon such enrollment that the school district or charter school assumes responsibility for providing educational services, including special education This statutory framework does not extend obligations to students who are no longer enrolled in the district. Texas

law and regulations establish that a school district's obligations to provide special education services are tied to the enrollment of the student within the district.

Defendant cites no authority whatsoever to support its contention that C. M. can now access special education services from Defendant even though C. M. is no longer enrolled as a student. That is because no such authority exists.  C. M. no longer has any right to receive any educational services from Valor, and Valor is under no duty whatsoever to provide any educational services, special education or otherwise, to C. M.   Compensatory education services are simply not available. Ironically, if Plaintiffs' were seeking compensatory education services from Defendant ---- which they are not --- that claim would be subject to dismissal for that reason. For all of the reasons set forth above, Defendant's motion to dismiss for failing to exhaust administrative remedies should be denied.

### C. DEFENDANT'S CONTENTION THAT DAMAGES FOR EMOTIONAL DISTRESS AND MENTAL ANGUISH ARE UNAVAILABLE UNDER THE ADA IS WITHOUT MERIT

Defendant contends that damages for C. M.'s emotional distress and mental anguish suffered are not available under the ADA.   In support of this contention, Defendant cites the Supreme Court case of *Cummings v. Premier Rehab Kelly P. L. L. C.*, U. S. 142 S. Ct. 1562.   The holding in *Cummings* has no applicability to the facts of this case.

The Plaintiff in *Cummings*, who was deaf and legally blind, sought physical therapy services from the Defendant.   The Plaintiff requested the Defendant to provide Plaintiff with an American Sigh Language Interpreter so Plaintiff could better communicate with her physical therapist.   Defendant refused the request.   The Plaintiff filed suit under both the Section 504 and the Affordable Care Act seeking compensatory and punitive damages, including damages for emotional distress and mental anguish. Reasoning that since both Section 504 and the Affordable Care Act were passed into law by

Congress under the Spending Clause of the U. S. Constitution, the only remedies available are those that are available for breach of contract, not tort.   Citing text from a prior holding of the Court in *Kay Barnes vs. Gorman*, 536 U. S. 187, 122 S. Ct. 2097, the Court reasoned:

> "Under the framework just set out, the analysis is straight forward…
> emotional distress is generally not compensable in contract. . . Under
> *Barnes* we therefore cannot treat federal funding recipients as having
> consented to be subject to damages for emotional distress. It follows
> that such damages are not recoverable under the Spending Clause
> statutes [Section 504 and the Affordable Care Act] we consider here.
> . . . " *Cummings* at p. 1576

Unlike either the Section 504 or the Affordable Care Act, the ADA was not passed under Congress's powers under the Spending Clause. The ADA was passed to enforce the protections of the Equal Protection Clause of the 14th Amendment. Rights protected under Section II of the ADA are not based upon the receipt of federal funding, but on the civil rights enjoyed by all citizens of the United States to the equal protection of the laws.   Therefore, analogies to the general rights under contracts do not apply.   This is exactly the position announced and followed by the Fifth Circuit in *Lartigue* when the Court overruled the Defendant who made the identical argument:

> "Northside claims that Lartigue has no recoverable damages for her ADA claims,
> pointing to *Cummings v. Premier Rehab Keller, P.L.L.C.*, which found that
> emotional distress damages are not recoverable under Section 504 of the
> Rehabilitation Act and the Affordable Care Act, two statutes enacted under the
> Spending Clause.   We have previously expressly declined to decide whether
> *Cummings* extends to claims under Title II of the ADA which, unlike Section 504
> of the Rehabilitation Act and Section 1557 of the Affordable Care Act, is not a
> Spending Clause statute. . . . " p. Lartigue at p. 523.

Defendant makes no attempt to explain, let alone follow, the Fifth Circuit's holding in *Lartigue.* Not even a token effort to distinguish it from this case. *Cummings* simply was not an ADA case.   Defendant's effort to apply the holding in *Cummings* as necessarily requiring dismissal of C. M.'s claims for emotional distress damages as a matter of law under the Title II of the ADA is wholly unsupported and without merit.   *Lartigue* makes clear that the question is, at best, an open question

in the Fifth Circuit.   It is certainly not settled law, and not grounds for unilateral rejection of the claim.   There is no legal basis or support for Defendant's claim that C. M. cannot seek compensatory damages for emotional distress as a remedy for a violation of the ADA.

## D. FEDERAL RULES ONLY REQUIRE A COMPLAINT TO CONTAIN A "SHORT AND PLAIN STATEMENT" MERELY ALLEGING A PLAUSIBLE CASE FOR DISCRIMINATION UNDER THE ADA

Rule 8(a)(2), FED. R. CIV. PRO., requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."   Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits.   Rule 8(e) requires that pleadings must be "construed so as to do justice".   Rule 8(d)(1) states that each allegation must be "simple, concise, and direct" with no technical form being required.   Taken as a whole, the federal pleading rules merely require the defendant to be given "fair notice" of plaintiff's claim, pled with enough facts to "state claim for relief that is plausible on its face".   As underscored by the Supreme Court:

> "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.   To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests…."

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).   See also:   *Ashcroft v. Iqbal*, 556 U. S. 662, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555-56 (2007).   For cases in the Fifth Circuit see: *In Re Katrina Canal Beaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) quoting *Martin K. Eby Construction Co. v. Dallas Area Rapid Transit*, 359 F.3d 464, 467 (5th Cir. 2004)

Under Rule 12(b)(6), it is a well-established rule that the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Dismissal is only appropriate if the complaint fails to state a claim that is plausible on its face. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "A court may dismiss a

complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 507, 122 S. Ct. 992, 995 (2002), citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229.

The factual allegations contained in Plaintiffs' Original Complaint are more than enough to give Valor fair notice of the plausible ADA claims that are the subject of this litigation. Plaintiffs allege that at all times relevant to the law suit, C. M. was a student with an identified disability and therefore entitled to protection from discrimination under the ADA. Defendants knew about C. M.'s disability and his right to various accommodations under the ADA and Section 504 to prevent discrimination. By the willful and deliberate, whether acting with intent or with deliberate indifference to his rights, or both, Defendant's employees discriminated against him and that discrimination excluded C. M. from participation in, and denied him the benefits of, all of the educational, social, and recreational programs available to non-disabled students.

These facts are presented in sufficient scope and detail to give Defendant fair notice of Plaintiffs' claims. Certainly, enough to warrant Plaintiffs an opportunity to conduct further discovery to elicit more evidence in support of those claims. Therefore, for all of the above stated reasons, plaintiff respectfully requests that Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) be denied in its entirety.

However, given the issues raised by the Defendant, Plaintiff intends to file an Amended Complaint as permitted under Local Rule CV-15 to eliminate any ambiguity about the substance of Plaintiffs' claims.

## PRAYER

Plaintiff respectfully requests the Court to deny Defendant's Motion to Dismiss, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

LAW OFFICE OF K. RANDOLPH EVANS

*Kelly Evans*
_____
Kelly R. Evans,
Attorney at Law
State Bar No. 06723620
P.O. Box 142534
Austin, Texas   78714-2534
512-926-0091 OFFICE
512-926-0092 FAX
Kelly@krevanslaw.com

**ATTORNEY FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on September 24, 2025, a true and correct copy of the foregoing response was electronically served on counsel for the Defendant and submitted for filing with the Clerk for the U. S. District Court for the Western District of Texas using the electronic case filing system to:

Christopher H. Schultz
9011 Mountain Ridge Drive, Suite 210
Austin, Texas 78759
512-840-0022 Office
210-538-5384 Fax
cschulz@slh-law.com

ATTORNEY FOR DEFENDANT

*Kelly Evans*