**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTINE AND ROBERT MILLER,** **In their individual capacities and as next friend of C.M., a Minor Child** | § | |
| ***Plaintiffs*,** | § | **CIVIL NO.: 1:25-CV-01173** |
| **v.** | § | |
| **VALOR TEXAS EDUCATION FOUNDATION d/b/a VALOR EDUCATION** | § | |
| ***Defendant*.** | § | |

**DEFENDANT VALOR TEXAS EDUCATION FOUNDATION d/b/a VALOR EDUCATON'S 12(B)(1) AND 12(b)(6) MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW Defendant Valor Texas Education Foundation d/b/a Valor Education ("Valor"), seeking dismissal of Plaintiffs' federal claims under Rule 12(b)(1) and Rule 12(b)(6) because Plaintiffs' claims lack subject-matter jurisdiction.

Christopher H. Schulz
State Bar No. 24060576
Email: cschulz@slh-law.com

9011 Mountain Ridge Dr., Ste. 210
Austin, Texas 78759
Telephone: 512-840-0022
Facsimile: 210-538-5384

**ATTORNEYS FOR DEFENDANT VALOR TEXAS EDUCATION FOUNDATION d/b/a VALOR EDUCATION**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... ii

INDEX OF AUTHORITIES ..... iii

**I. STANDARD OF REVIEW** ..... 1

**A. Legal Standard Under Fed. R. Civ. P. 12(b)(1)** ..... 1

**B. Legal Standard Under Fed. R. Civ. P. 12(b)(6)** ..... 1

**II. ARGUMENTS AND AUTHORITIES** ..... 2

**A. Failure to Provide a FAPE** ..... 2

1. Nature of the Complaint ..... 4
2. Gravamen of the Complaint is About Dissatisfaction with C.M.'s Education ..... 6
3. Plaintiffs Seek Educational Relief ..... 7

**B. Plaintiffs Fail to Allege Intentional Discrimination** ..... 9

**C. Plaintiffs' Claim for Emotional Distress Damages Is Unavailable** ..... 11

**III. REQUEST FOR RELIEF** ..... 12

CERTIFICATE OF SERVICE ..... 13

# INDEX OF AUTHORITIES

*A.G. v. Dist. of Columbia*, 794 F. Supp. 2d 133, 139-41 (D.C.D.C. 2011) ....................................8

*A.N. v. Mart Indep. Sch. Dist.*
W-13-CV-002, 2013 WL 11762157, at *3 (W.D. Tex. Dec. 23, 2013) ..................................3

*Angela B. v. Dallas Indep. Sch. Dist.*
No. 3:20-CV-1088-D, 2020 WL 2101228, at *3 (N.D. Tex. May 1, 2020) .............................2

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)..........................................................................................................1

*Baker v. Putnal,*
75 F.3d 190 (5th Cir. 1996) ..............................................................................................2

*Barnes v. Gorman*
536 U.S. 181, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002).....................................................11

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)..........................................................................................................1

*Blackmon v. Springfield R-XII Sch. Dist.*
198 F.3d 648 (8th Cir. 1999) ............................................................................................3

*Bd. Educ. Oak Park & River Forest High Sch. Dist. 200 v. Todd A.*
79 F.3d 654, 657 (7th Cir.1996) .........................................................................................8

*Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 597 (7th Cir. 2006) .............................8

*Cadena v. El Paso Cnty.*
946 F.3d 717, 723 (5th Cir. 2020)......................................................................................9

*Cummings v. Premier Rehab Keller, P.L.L.C., U.S.*,
142 S. Ct. 1562, 1574-76, 212 L. Ed. 2d 552 (2022)...........................................................11

*D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 612–13 (S.D. Tex. 2009).......................7

*D.A. ex rel. Latasha A. v. Hou. Indep. Sch. Dist.*
629 F.3d 450 (5th Cir. 2010) ............................................................................................7

*D.E. v. Cent. Dauphin Sch. Dist.*
765 F.3d 260 (3d Cir. 2014).............................................................................................10

*D.F. v. Collingswood Borough Bd. of Educ.*
694 F.3d 488, 497 (3d Cir. 2012).......................................................................................9

*Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trs.*
855 F.3d 681 (5th Cir. 2017) ....................................................................................9

*Doe ex rel. Doe v. Dall. Indep Sch. Dist.*
153 F.3d 211 (5th Cir. 1998) ....................................................................................10

*Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*
220 F.3d 380 (5th Cir. 2000) ....................................................................................10

*Duvall v. Cnty. of Kitsap*
260 F.3d 1124, 1139 (9th Cir. 2001)........................................................................10

*Est. of Lance v. Lewisville Indep. Sch. Dist.*
743 F.3d 982 (5th Cir. 2014) ....................................................................................10

*Forest Grove Sch. Dist.*
557 U.S. 230, 247 (2009)..............................................................................................8

*Frame v. City of Arlington*
657 F.3d 215 (5th Cir. 2011) ......................................................................................3

*Fry v. Napoleon Community Schools*..........................................................................3
580 U.S. 154 (2017).

*G. v. Fort Bragg Dependent Schools*
343 F.3d 295, 308–309 (4th Cir.2003) ........................................................................7

*Houston Indep. Sch. Dist. v. V.P.*
582 F.3d 576 (5th Cir.2009) ........................................................................................7

*Huron v. Natalia Indep. Sch. Dist.*
No. SA-25-CV-00230-JKP, 2025 WL 2252606, at *4 (W.D. Tex. Aug. 6, 2025) ...................6

*Jones v. Katy Indep. Sch. Dist.*
No. 4:24-CV-1039, 2025 WL 816719 (S.D. Tex. Mar. 13, 2025) ..........................................12

*La Union del Pueblo Entero v. Abbott*,
770 F. Supp. 3d 974 (W.D. Tex. 2025).........................................................................3

*Lartigue v. Northside Indep. Sch. Dist.*, 100 F.4th 510, 513 (5th Cir. 2024) .................................7

*Loeffler v. Staten Island Univ. Hosp.*
582 F.3d 268 (2d Cir. 2009).........................................................................................11

*Luke v. Lee Cnty.*
No. 1:20-CV-00388-DII, 2023 WL 4980943 (W.D. Tex. Aug. 3, 2023) ............ 11

*Luna Perez v. Sturgis Pub. Sch.*
598 U.S. 142, 145-46 (2023) ............ 3

*Marvin H. v. Aus. Indep. Sch. Dist.*
714 F.2d 1348 (5th Cir. 1983) ............ 10

*McMillen v. New Caney Indep. Sch. Dist.*
939 F.3d 640 (5th Cir. 2019), 140 S. Ct. 2803 (2020) ............ 2

*Melton v. Dall. Area Rapid Transit*
391 F.3d 669 (5th Cir. 2004) ............ 9

*Miener v. Missouri*
800 F.2d 749, 753 (8th Cir.1986) ............ 8

*Nevills v. Mart Indep., Sch Dist.*
608 Fed. Appx. 217 (5th Cir. 2015) ............ 3

*Pace v. Bogalusa City Sch. Bd.*
403 F.3d 272 (5th Cir. 2005) ............ 11

*Ramming v. U.S.*,
281 F.3d 158 (5th Cir. 2001) ............ 1

*Round Rock Indep. Sch. Dist. v. Amy M.*,
No. 1:20-CV-496-DAE 2022 WL 4589102, at *6 (W.D. Tex. Aug. 22, 2022) ............ 8

*Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*,
471 U.S. 359, 370–71, 105 S. Ct. 1996, 2003, 85 L. Ed. 2d 385 (1985) ............ 7

*Shah v. Univ. of Tex. Sw Med. Sch.*
54 F. Supp. 3d 681 (N.D. Texas 2014) ............ 1

*Smith v. Harris Cnty., Tex*
956 F.3d 311 (5th Cir. 2020) ............ 10

*Svochak as next friend of K.S. v. Grapevine-Colleyville ISD*,
No. 4:23-CV-270-BJ, 2023 WL 8437054, at *3 (N.D. Tex. Dec. 5, 2023) ............ 8

*T.B. by & through Bell v. Nw. Indep. Sch. Dist.*
980 F.3d 1047 (5th Cir. 2020) ............ 2

*Williamson v. Tucker,*
645 F.2d 404 (5th Cir. 1981) ....................1

*Zephyr Aviation, L.L.C. v. Dailey*
247 F.3d 565 (5th Cir. 2001) ....................2

**TEXAS STATUTES**

TEX. EDUC. CODE § 89.1151(b) ....................2

**FEDERAL STATUTES AND RULES**

FED. R. CIV. P. 12(b)(1) ....................1

FED. R. CIV. P. 12(b)(6) ....................1

20 U.S.C. § 1415(f)(1)(A) ....................2

20 U.S.C. § 1415(i)(2)(A) ....................2

20 U.S.C. § 1415(1) ....................3

20 U.S.C. § 1451(h)(2)(B) ....................7

28 C.F.R. § 35.130(g) ....................8

34 C.F.R. § 300.148 ....................8

# I. STANDARD OF REVIEW

## A. Legal Standard Under Fed. R. Civ. P. 12(b)(1)

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."[1] If a court does not have subject matter jurisdiction over a claim, such claim must be dismissed.[2] In considering a Rule 12(b)(1) motion, the court can consider "matters of fact which may be in dispute," and should grant the motion "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[3]

Additionally, the district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a Rule 12(b)(1) motion that raises questions of fact concerning subject matter jurisdiction.[4] The burden of proving jurisdiction is always on the plaintiff.[5]

## B. Legal Standard Under Fed. R. Civ. P. 12(b)(6)

The Federal Rules of Civil Procedure authorize a court to dismiss a lawsuit when the plaintiff fails to state a claim upon which relief may be granted.[6] In order to survive a Rule 12(b)(6) challenge, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] "Factual allegations must be enough to raise a right to relief above the speculative level."[8]

---

[1] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).
[2] *See* Fed. R. Civ. P. 12(b)(1).
[3] *Id*.
[4] *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981) (citations omitted).
[5] *Ramming*, 281 F.3d at 161 (noting "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist"); *Shah v. Univ. of Tex. Sw Med. Sch.*, 54 F. Supp. 3d 681, 688 (N.D. Tex. 2014).
[6] *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).
[7] *See Twombly*, 550 U.S. at 547.
[8] *Id.* at 545.

In considering a Rule 12(b)(6) motion, the court is to take all necessary facts pled by the plaintiff as true, and to liberally construe the complaint in favor of the plaintiff.[9] However, no deference should be given to bare assertions that are not supported by factual allegations; conclusory allegations and legal conclusions that are couched as factual allegations are not entitled to an assumption of truth.[10] Upon identifying the well-pled factual allegations, the court must then determine "whether they plausibly give rise to an entitlement to relief."[11]

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff's Claim of Failure to Provide a FAPE Must Be Administratively Exhausted

Plaintiffs' complaint must be dismissed because Plaintiffs did not exhaust their administrative remedies for a claim that C.M. was ineligible for special education services or that C.M. was provided a free and appropriate public education ("FAPE").

The IDEA requires exhaustion of the administrative process before a suit may be filed over the denial of FAPE; failure to exhaust is fatal to an IDEA claim.[12] In Texas, a party alleging a violation of the IDEA exhausts administrative remedies by pursuing a due process hearing administered by the Texas Education Agency to completion.[13] A party "aggrieved by the findings" of the hearing officer may then bring an action in state or federal court "with respect to the

---

[9] *See Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996

[10] *See Iqbal*, 556 U.S. at 678–79.

[11] *Id.* at 664.

[12] *T.B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 n.2 (5th Cir. 2020); *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 642–43 (5th Cir. 2019, cert. denied, 140 S. Ct. 2803, 207 L. Ed. 2d 141 (2020).

[13] 20 U.S.C. § 1415(f)(1)(A); 19 Tex. Admin. Code § 89.1151(b) (implementing one-tier review system under IDEA).

complaint presented pursuant to this section[.]"[14] Section 1415(i)(2)(A) thus limits a party's right of action under the IDEA to issues presented at the due process hearing.[15]

The issue of whether C.M. is required to exhaust administrative remedies implicates several distinct, but related, statutes: the IDEA, which provides states with federal funds in exchange for providing a FAPE to all students with recognized disabilities, Section 504 of the Rehabilitation Act, which protects rights of all individuals with disabilities and bans discrimination by public entities, including schools, and the Americans with Disabilities Act.[16] Because the IDEA and Section 504 both provide overlapping substantive rights and remedies to students with disabilities, the IDEA requires a student-plaintiff with recognized disabilities who seeks judicial remedy against a school district under a federal law other than the IDEA to exhaust the IDEA's administrative procedures prior to filing suit when the requested relief is also available under the IDEA.[17]

Accordingly, when a student with disabilities seeks remedy in a federal court under Section 504, or any other federal law, courts must discern whether the cause of action and facts supporting it rests on the denial of a FAPE (an IDEA claim) to determine whether administrative exhaustion under the IDEA is required as a prerequisite to the federal suit.[18] To make this determination, the Court must focus on the true substance, that is, the gravamen of the complaint, to examine the

---

[14] 20 U.S.C. § 1415(i)(2)(A).

[15] *See Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist.*, 198 F.3d 648, 655-56 (8th Cir. 1999); *Angela B. v. Dallas Indep. Sch. Dist.*, No. 3:20-CV-0188-D, 2020 WL 2101228, at *3 (N.D. Tex. May 1, 2020; *A.N. v. Mart Indep. Sch. Dist.*, W-13-CV-002, 2013 WL 11762157, at *3 (W.D. Tex. Dec. 23, 2013) *aff'd sub nom; Nevills v. Mart Indep., Sch Dist.*, 608 Fed. Appx. 217 (5th Cir. 2015).

[16] *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011); see *La Union del Pueblo Entero v. Abbott*, 770 F. Supp. 3d 974, 991 (W.D. Tex. 2025).

[17] 20 U.S.C. § 1415(l); *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 145-46 (2023); *Fry v. Napoleon Community Schools*, 580 U.S. 154, 161-168 (2017).

[18] *Luna Perez*, 598 U.S. at 145-46; *Fry*, 580 U.S. at 161-168

substance of the matters in dispute and relief sought, rather than the surface of the allegations.[19] To determine whether the gravamen of a complaint seeks relief available to a plaintiff under the IDEA, the court should consider two hypothetical questions: (1) "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school;" and (2) "could an adult at the school have pressed essentially the same grievance?"[20] If both questions are answered affirmatively, the gravamen of the complaint is likely not seeking relief available under the IDEA.[21] However, negative answers to these questions indicates the true substance of the student-plaintiff's allegations concerns denial of a FAPE for which the student-plaintiff is required to exhaust all administrative remedies under the IDEA.[22]

Still, even after a court determines the gravamen of the asserted cause of action is based on the denial of a FAPE, the court must continue its inquiry to determine whether the remedy sought is also available under the IDEA.[23] If the remedy sought is not available under the IDEA, exhaustion of the administrative proceeding is not required to proceed in federal court.[24] If the remedy sought in federal court is available under the IDEA, then exhaustion of IDEA administrative proceeding is required.[25]

**1. Nature of the Complaint**

Plaintiffs allege that C.M. enrolled at Valor as an 11-year-old fifth grade student. Doc. 12, p. 3. During the first semester C.M.'s teachers reported difficulty with reading comprehension,

[19] *Id.*
[20] *Fry*, 580 U.S. at 171-72; *T.B. by & through Bell v. NW. Indep. Sch. Dist.*, 980 F.3d 1047, 1052 (5th Cir. 2020).
[21] *Fry*, 580 U.S. at 171-72; *T.B.*, 980 F.3d at 1052.
[22] *Id.*
[23] *Luna Perez*, 598 U.S. at 146-50.
[24] *Id.*
[25] *Id.*

organization, understanding directions, completing work, and completing written assignments. Doc. 12, p. 3. Valor referred C.M. for a special education evaluation (the "evaluation"). Doc. 12, p. 3-4.

The evaluation determined C.M. had a diagnosis of a specific learning disability in reading comprehension. Doc. 12, p. 4. The evaluation contained several recommendations for accommodations in the classroom. Doc. 12, p. 5. During a meeting to review the evaluation it was determined C.M. was not eligible for special education under the Individuals with Disabilities Education Act ("IDEA"). Doc. 12, p. 5. However, the school determined C.M. was eligible for Section 504. Doc. 12, p. 5.

The Section 504 committee developed a set of accommodations to assist C.M. during the school day, including shortened homework, extended time to complete assignments, and activities intended to increase C.M.'s rate of comprehension. Doc. 12, p. 5-6. This Section 504 plan was in effect during the remainder of the 2022-23 school year, and the first semester of the 2023-24 school year. Doc. 12, p. 6.

C.M. continued to struggle with academics and behavior. Doc. 12, p. 6. Furthermore, Valor was not implementing C.M.'s Section 504 plan. Doc. 12, p. 6. C.M.'s parents communicated their concerns to Valor staff. Doc. 12, p. 8. Valor took no steps to remedy the parent's concerns, other than to schedule another Section 504 meeting. Doc. 12, p. 8. C.M. continued to struggle and his negative behaviors increased. Doc. 12, p. 9. Valor removed C.M. from class at least thirty-five separate occasions. Doc. 12, p. 9. C.M.'s disciplinary record includes multiple detentions and suspensions, and C.M. failed most of his courses. Doc. 12, p. 9-10.

Plaintiffs raise allegations under Section 504 and the ADA. Doc. 12, p. 11. Plaintiffs allege Valor failed to ensure C.M. had shortened assignments, extended time to complete work,

preferential seating, access to charts for math, and access to audio books. Doc. 12, p. 13. Plaintiffs further allege Valor failed to create activities and modifications intended to increase C.M.'s rate of reading comprehension, punished C.M. for behaviors tied to his disability, and failed to provide an appropriate educational program. Doc. 12, p. 13-14.

Plaintiffs seek damages for C.M.'s educational losses in the past and future. Doc. 12, p. 15.

**2. Gravamen of the Complaint is About Dissatisfaction with C.M.'s Education**

C.M.'s complaint arises from his parents' dissatisfaction with the educational services Valor provided. Following the test outlined in *Fry*, the answer to the first question is negative: C.M. could not pursue these claims for dissatisfaction with his educational services if the conduct had occurred in a public facility that was not a school. The answer to the second is also negative: any adult at the school could not raise the same type of grievance because only students may receive educational accommodations in C.M.'s Section 504 plan.[26] Negative answers to both questions indicates C.M.'s Complaint concerns denial of a FAPE for which he is required to exhaust all administrative remedies under the IDEA.[27] For these reasons, the gravamen of the Complaint is based on the denial of a FAPE.

**3. Plaintiffs Seek Educational Relief**

Next the court must still determine whether the remedies C.M. seeks for the alleged violations of Section 504 are also available under the IDEA. If not, exhaustion of the pending administrative proceeding is not required for him to proceed in federal court.[28]

---

[26] *Huron v. Natalia Indep. Sch. Dist.*, No. SA-25-CV-00230-JKP, 2025 WL 2252606, at *4 (W.D. Tex. Aug. 6, 2025).
[27] *Fry*, 580 U.S. at 171-72
[28] *Luna Perez*, 598 U.S. at 146-50.

C.M. seeks compensation for educational losses. This is a request for relief that is available under the IDEA. Although C.M.'s complaint notes in the "Prayer" that he is seeking "compensatory damages," he also notes the economic damages are based on a request that the court reimburse for academic losses in the past and in the future. As noted in *Lartigue*, the "IDEA's remedy is compensatory education, not compensatory damages."[29] The IDEA authorizes district courts to award aggrieved parties "such relief as the court determines appropriate."[30] In *Burlington,* the Supreme Court rejected the notion that reimbursement of educational expenses as "damages."[31] The Supreme Court said reimbursement merely requires the school to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper IEP. *Id.*

Following the Supreme Court's *Burlington* decision in which the court found that tuition reimbursement was an appropriate remedy under the Education for All Handicapped Children Act ("EAHCA"), IDEA's predecessor, federal courts began awarding compensatory education.[32] Compensatory education imposes liability on the school district to pay for services it was required to provide all along, but for whatever reason, improperly refused to do so.[33] "Compensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a given

[29] *Lartigue v. Northside Indep. Sch. Dist.*, 100 F.4th 510, 513 (5th Cir. 2024).
[30] 20 U.S.C. § 1451(h)(2)(B); *D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 612–13 (S.D. Tex. 2009), aff'd sub nom. *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450 (5th Cir. 2010).
[31] *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 370–71, 105 S. Ct. 1996, 2003, 85 L. Ed. 2d 385 (1985),
[32] *G. v. Fort Bragg Dependent Schools*, 343 F.3d 295, 308–309 (4th Cir.2003) (collecting cases); see also *Houston Indep. Sch. Dist. v. V.P.*, 582 F.3d 576 (5th Cir.2009) (reimbursing parents for private school placement).
[33] *Miener v. Missouri*, 800 F.2d 749, 753 (8th Cir.1986).

period of time to provide [an IEP] to a student."[34] "Relief in the form of reimbursement for out-of-pocket educational expenses, or 'compensatory education' ... [is] indeed exceptional and nowhere expressly authorized by the statute.'"[35] Indeed, this court has provided reimbursement for tuition, counseling services, and reimbursement for mileage under the IDEA.[36]

In December 2023, the Northern District of Texas found that while a parent did "not invoke IDEA in his claim, the basis of his claims sound in the alleged denial of a FAPE."[37] The court said the remedies sought – reimbursement for past services, reimbursement for private school tuition, and continued placement in a private school – are all available under the IDEA and may be granted by a State Education Hearing Officer.[38] Reimbursement for the services Plaintiffs seek is something clearly contemplated by the administrative hearing process, even for a student no longer enrolled.[39] ("To comply with the IDEA, a school district no longer responsible for educating a child must still be held responsible for its past transgressions.")

---

[34] *G. v. Fort Bragg Dependent Schools*, 343 F.3d at 309.
[35] *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 597 (7th Cir. 2006) (citing *Bd. Educ. Oak Park & River Forest High Sch. Dist. 200 v. Todd A.*, 79 F.3d 654, 657 (7th Cir.1996)).
[36] *Round Rock Indep. Sch. Dist. v. Amy M.*, No. 1:20-CV-496-DAE, 2022 WL 4589102, at *6 (W.D. Tex. Aug. 22, 2022).
[37] *Svochak as next friend of K.S. v. Grapevine-Colleyville ISD*, No. 4:23-CV-270-BJ, 2023 WL 8437054, at *3 (N.D. Tex. Dec. 5, 2023), appeal dismissed sub nom. *Svochak as next friend K.S. v. Grapevine Colleyville Indep. Sch. Dist.*, No. 24-10009, 2024 WL 3295615 (5th Cir. Mar. 11, 2024).
[38] See 34 C.F.R. § 300.148 (noting parents can request reimbursement for private placements); see also *Forest Grove Sch. Dist.*, 557 U.S. 230, 247 (2009) (concluding the "IDEA authorizes reimbursement for the cost of private special-education services when a school district fails to provide a FAPE"); *A.G. v. Dist. of Columbia*, 794 F. Supp. 2d 133, 139-41 (D.C.D.C. 2011) (discussing parents' ability to recover reimbursement for services from the special education hearing officer).
[39] *D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 497 (3d Cir. 2012).

Because the requested relief C.M. seeks in this action is available under the IDEA, C.M. must exhaust his administrative remedies under the IDEA prior to seeking relief in court.[40]

**B. Plaintiffs Fail to Allege Intentional Discrimination**

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance," 29 U.S.C. § 794(a). Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.: 42 U.S.C. § 12132. Precedents concerning either § 504 of the Rehabilitation Act or the ADA generally apply to both.[41]

To state a claim for discrimination under § 504 or the ADA, a parent bringing suit on behalf of her child must plausibly allege "(1) that he is a qualified individual; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability."[42] In the educational context, "[a] cause of action is stated under § 504 [and the ADA] when it is alleged that a school district has refused to provide reasonable accommodations for the handicapped [student] to receive the full benefits of the school program."[43] For a failure to accommodate claim,

---

[40] *Id.*
[41] *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trs.*, 855 F.3d 681, 690 (5th Cir. 2017).
[42] *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)).
[43] *D.A. ex rel. Latasha A. v. Hou. Indep. Sch. Dist.*, 629 F.3d 450, 454 (5th Cir. 2010) (emphasis in original) (quoting *Marvin H. v. Aus. Indep. Sch. Dist.*, 714 F.2d 1348, 1356 (5th Cir. 1983)).

a plaintiff must show that the school district "knew of the disability and its consequential limitations."[44] Furthermore, to recover compensatory damages under either section, a plaintiff must prove that the discrimination was intentional. *Id.*

In this situation Plaintiffs' complaint does not plausibly allege that Valor intentionally discriminated against C.M. because it lacks sufficient facts to create the reasonable inference that Valor acted intentionally in discriminating against C.M. "[T]he deliberate indifference standard is a high one."[45] Deliberate indifference occurs when the response to an incident or a risk of harm is clearly unreasonable in light of the known circumstances.[46]

Plaintiffs allege that the Section 504 plan was "inadequate and insufficient." Doc. 12, p. 10. They further allege that C.M.'s grades reflect an "abysmal failure of Valor staff to devise an effective Section 504 plan." Doc. 12, p. 10. The allegations also note that there was "little evidence the [Section 504] plan was effective." Doc. 12, p. 9. However, these allegations reflect a Section 504 plan that was put together but was inadequate to meet the student's needs. This does not reflect intentional discrimination "by reason of" his disability.[47]

---

[44] *Cadena*, 946 F.3d at 724.

[45] *Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000) (quoting *Doe ex rel. Doe v. Dall. Indep Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998)).

[46] *Id.*; see also *Est. of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 996 (5th Cir. 2014) (applying the deliberate indifference standard in a § 504 disability harassment claim and requiring a showing that the defendant knew about the harassment); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (explaining that deliberate indifference requires a greater showing than negligence).

[47] See *Melton*, 391 F.3d at 671-72; see also *Smith v. Harris Cnty.*, *Tex.* 956 F.3d 311, 317 (5th Cir. 2020); *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014) (explaining that the deliberate indifference standard requires more than bureaucratic inaction); *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 276 (2d Cir. 2009) (stating the same).

### C. Plaintiffs' Claim for Emotional Distress Damages Is Unavailable

Valor contends that Plaintiffs' claim for emotional distress damages should be dismissed. Plaintiffs' complaint notes that the compensatory damages sought are rooted in the "emotional distress and mental anguish suffered by C.M. in the past and in reasonable probability he will suffer in the future." Doc. 2, p. 12. The U.S. Supreme Court has recently clarified that emotional distress damages are not recoverable in Section 504 claims.[48] Plaintiffs' claim for compensatory damages under Section 504 must be dismissed.

Specifically, "because the rights and remedies under [the Rehabilitation Act and the ADA] are the same, case law interpreting one statute can be applied to the other."[49] While the Fifth Circuit has not yet decided the question of emotional distress damages under the ADA, the courts on remand have overwhelmingly said these damages are unavailable. On remand from the Fifth Circuit, the Western District of Texas has determined that these damages are not recoverable under the ADA.[50] Specifically, "because the rights and remedies under [the Rehabilitation Act and the ADA] are the same, case law interpreting one statute can be applied to the other."[51] The district court in *Pace* then held that, because *Cummings* was directly interpreting the Rehabilitation Act, it should be equally applied to the ADA.[52] Numerous other courts have applied the same reasoning.[53]

---

[48] *Cummings v. Premier Rehab Keller, P.L.L.C., U.S.*, 142 S. Ct. 1562, 1574-76, 212 L. Ed. 2d 552 (2022); *Barnes v. Gorman*, 536 U.S. 181, 185-86, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002).
[49] *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287 (5th Cir. 2005); *Jones v. Katy Indep. Sch. Dist.*, No. 4:24-CV-1039, 2025 WL 816719, at *5 (S.D. Tex. Mar. 13, 2025).
[50] *Luke v. Lee Cnty.*, No. 1:20-CV-00388-DII, 2023 WL 4980943, at *9 (W.D. Tex. Aug. 3, 2023), report and recommendation adopted, No. 1:20-CV-388-RP, 2023 WL 6141594 (W.D. Tex. Sept. 20, 2023).
[51] *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287 (5th Cir. 2005).
[52] *Id.*
[53] *Jones v. Katy Indep. Sch. Dist.*, No. 4:24-CV-1039, 2025 WL 816719, at *5 (S.D. Tex. Mar. 13, 2025); *Hejmej v. Peconic Bay Med. Ctr.*, 2022 WL 5429675, at *7 (E.D.N.Y. July 6, 2023)

The court should dismiss the claim for emotional distress damages.

## III. REQUEST FOR RELIEF

For the foregoing reasons, Defendant Valor Education respectfully requests that the Court grant Defendant's Motion to Dismiss, and dismiss Plaintiffs' claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794A with prejudice for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).

Respectfully submitted,

**SCHULMAN, LOPEZ, HOFFER & ADELSTEIN, LLP**

*/s/ Christopher Schulz*

**Christopher Schulz**
State Bar No. 24060576
Email: cschulz@slh-law.com
9011 Mountain Ridge Drive #210
Austin, Texas 78759
Telephone: (512) 840-0022 [Austin]
Facsimile: 210-538-5384

**ATTORNEY FOR DEFENDANT**

("Plaintiffs are precluded—by the ADA's text and the Supreme Court's ruling in *Cummings*—from seeking compensatory damages for alleged emotional distress."); *Montgomery v. D.C.*, No. CV 18-1928 (JDB), 2022 WL 1618741, at *24 (D.D.C. May 23, 2022) ("Title II of the ADA incorporates the 'remedies, procedures, and rights set forth in' the Rehabilitation Act, ... hence, if a certain category of damages is not available under [the Rehabilitation Act], it is not available under Title II either.").

**CERTIFICATE OF SERVICE**

This is to certify that on October 16, 2025, the foregoing was electronically submitted for filing with the Clerk for the U. S. District Court, Western District of Texas, using the electronic case filing system of the Court. Counsel for Plaintiff is registered and will receive notification of electronic filing via the Court's CM/ECF system as follows:

Kelly R. Evans
kelly@krevanslaw.com
LAW OFFICE OF K. RANDOLPH EVANS
PO Box 142534
Austin, Texas 78714-2534
**Attorney for Plaintiffs**

*/s/ Christopher Schulz*
Attorney for Defendant